STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: December 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
Grace Wilson

Debtor(s)

Case No.: 17-25828-SLM

Judge: Hon. Stacey L. Meisel

## Chapter 13 Plan and Motions

☐ Original   ☒ Modified/Notice Required   Date: March 27, 2018

☒ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES  ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES  ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES  ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____   Initial Debtor: _____   Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a. The debtor shall pay $ __669.27__ per __month__ to the Chapter 13 Trustee, starting on __April 1, 2018__ for approximately __53__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

Debtor has approximately $30,000 in cash in her checking and savings accounts. These funds are immediately available.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 27-29 Unity Avenue, Newark, NJ 07106
Proposed date for completion: __June 30, 2018__

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtor is co-owner of real property at 27-29 Unity Avenue, Newark NJ 07106, with her brother Mr. Franklyn Tannis (who does not reside at the property). Debtor proposes to purchase the 50% share owned by Mr. Tannis with a $1 nominal cash payment. A tentative agreement for this transfer has been reached between the parties, but not memorialized.

Debtor also proposes to modify the mortgage loan held by creditor Popular Community Bank for 27-29 Unity Avenue, Newark NJ. Debtor proposes to capitalize the interest from default date ($48,520.99) with outstanding principal ($147,463.89) into a new loan. The new loan will be $196,134.88, for 10 years at 4.0%, for a monthly payment of $1986.00. Debtor will pay 100% of the carrying costs, including property taxes and homeowners insurance. The insurance is currently paid through February 2018.

Payments to the trustee include $420.65 monthly payment toward a tax foreclosure sale judgment held by Lillian Zhang ($25,239.00 total), a $98.62 monthly payment to Toyota Financial Services (for 2009 Honda) and $150.00 for unsecured creditors (pro rata).

Part 2:    Adequate Protection ☒ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

Part 3:    Priority Claims (Including Administrative Expenses)

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | $0.00 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Popular Community Bank | 27-29 Unity Avenue, Newark, NJ 07106 | (Please see plan proposal) | 4.0% proposed | $0.00 | $1986.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Toyota Financial Services | 2009 Honda Odyssey | $12,218.00 | $5226.00 | None | $5226.00 | 5.0% | $5917.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Lillian Zhang | 27-29 Unity Avenue, Newark, NJ 07106 | $25,239.00 |

**Part 5:  Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:  Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☐ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

### a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Toyota Financial Services | 2009 Honda Odyssey | $12,218.00 | $5226.00 | $5226.00 | $6992.60 |

**Part 8:   Other Plan Provisions**

a. **Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other administrative claims
3) Secured claims
4) General unsecured claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:  Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____November 3, 2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1) To propose specific terms for the modification of the loan for real property at 27-29 Unity Avenue, Newark, NJ. 2) To adjust terms proposed for buyout by debtor of co-owner of 27-29 Unity Avenue, Newark. 3) To finalize terms for 2009 Honda Odyssey. | Please see 1.c. on page 2 above. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: March 27, 2018                                     _____[signature]_____
                                                                        Attorney for the Debtor

Date: March 27, 2018                                     _____[signature]_____
                                                                        Debtor

Date: _____                                  _____
                                                                        Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: March 27, 2018

_____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: March 27, 2018

_____
Debtor

Date: _____

_____
Joint Debtor

Case 17-25828-SLM    Doc 66    Filed 04/05/18    Entered 04/06/18 00:36:17    Desc Imaged
Certificate of Notice    Page 10 of 12

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-25828-SLM
Grace Wilson                                                              Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2              Date Rcvd: Apr 03, 2018
                              Form ID: pdf901          Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 05, 2018.
```
db             +Grace Wilson,    27 Unity Avenue,    Newark, NJ 07106-2606
517100953      +Banco Popular North America,    PO Box 4960,    Miami Lakes, FL 33014-0960
517083807       Best Buy Credit,    PO Box 79044,    Saint Louis, MO 63179
517083808      +Capital One,    PO Box 30285,    Salt Lake City, UT 84130-0285
517083809      +Citibank,    PO Box 6235,    Sioux Falls, SD 57117-6235
517236873       Department Stores National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA 98083-0657
517083811      +Dress Barn Capital One,    PO Box 71106,    Charlotte, NC 28272-1106
517083812      +Franklyn Tannis,    10 Netherwood Place,    Newark, NJ 07106-2906
517083813      +Frenkel Lambert Weiss Weisman & Gordon,    80 Main Street,    Suite 460,
                 West Orange, NJ 07052-5414
517024055      +Lilliam Zhang,    11 Walnut St,    Livingston NJ 07039-2507
517083814      +Lillian Zhang,    c/o Simeone & Raynor LLC,    1522 Route 38,    Cherry Hill, NJ 08002-2216
517083815      +Macy's,    PO Box 790040,    Saint Louis, MO 63179-0040
517083816      +Macy's American Express,    PO Box 790040,    Saint Louis, MO 63179-0040
516983431      +Popular Community Bank,    PO Box 4503,    Oak Park IL 60303-4503
517083819     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Financial Services,     PO Box 5855,    Carol Stream, IL 60197)
517167323      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517094662       Wells Fargo Bank, N.A.,    PO Box 10438, MAC F8235-02F,    Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 03 2018 23:35:06      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 03 2018 23:35:04      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Apr 03 2018 23:33:01
                 Synchrony Bank c/o PRA Receivables Management, LLC,     PO BOX 41021,    Norfolk, VA 23541-1021
517083810      +E-mail/Text: mrdiscen@discover.com Apr 03 2018 23:34:24      Discover Bank,    PO Box 71084,
                 Charlotte, NC 28272-1084
517024985       E-mail/Text: mrdiscen@discover.com Apr 03 2018 23:34:24      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
517127331       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 03 2018 23:33:47
                 Portfolio Recovery Associates, LLC,     c/o Best Buy Credit Card,    POB 41067,
                 Norfolk VA 23541
517113702       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 03 2018 23:32:37
                 Portfolio Recovery Associates, LLC,     c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
517228105       E-mail/Text: bnc-quantum@quantum3group.com Apr 03 2018 23:34:57
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,     PO Box 788,    Kirkland, WA 98083-0788
516985012      +E-mail/PDF: gecsedi@recoverycorp.com Apr 03 2018 23:33:37      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,     PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517083817*     +Popular Community Bank,    PO Box 4503,    Oak Park, IL 60303-4503
517083818    ##+Sears,    PO Box 20363,    Kansas City, MO 64195-0363
                                                                                 TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 05, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Apr 03, 2018
                              Form ID: pdf901          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 27, 2018 at the address(es) listed below:
              Brian T Kernan     on behalf of Debtor Grace   Wilson bkernan@vanhoutenlegal.com
              Denise E. Carlon     on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg     magecf@magtrustee.com
              Rebecca Ann Solarz     on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```